# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 12-571V
(Not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
```
                                          *
TERRI LASTER, on behalf of MARC           *
LASTER, her deceased husband,             *
                                          *
            Petitioner,                   *    Filed: September 3, 2014
                                          *
       v.                                 *    Decision by Stipulation; Damages;
                                          *    Influenza ("Flu") Vaccine;
                                          *    Progressive Respiratory Distress
SECRETARY OF HEALTH AND                   *    Resulting in Death
HUMAN SERVICES,                           *
                                          *
            Respondent.                   *
                                          *
```
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Isaiah Richard Kalinowski*, Maglio Christopher and Toale, PA (D.C.), for Petitioner.

*Ryan Daniel Pyles*, U.S. Dep't of Justice, Washington, D.C., for Respondent

## DECISION AWARDING DAMAGES[1]

On September 5, 2012, on behalf of the Estate of Marc Laster, Petitioner Terri Laster filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program").[2] Petitioner alleges that as a result of receiving the influenza ("flu")

---

[1] Because this decision contains a reasoned explanation for my action in this case, I will post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the posted decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. (*Id.*)

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended,

vaccine Mr. Laster suffered from an illness involving progressive respiratory distress, resulting in his death.

Respondent denies that Mr. Laster's alleged injury and/or any other injuries were caused by his receipt of the flu vaccine. Moreover, Respondent denies that the flu immunization contributed to, or resulted in, Mr. Laster's death. Nonetheless both parties, while maintaining their above-stated positions, agreed in a stipulation filed September 2, 2014 that the issues before them can be settled and that a decision should be entered awarding Petitioner compensation.

I have reviewed the file, and based upon that review, I conclude that the parties' stipulation is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The stipulation awards:

> A lump sum of $75,000.00, in the form of a check payable to Petitioner as legal representative of the Estate of Marc Laster. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

Stipulation ¶ 8.

I approve a Vaccine Program award in the requested amount set forth above to be made to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

42 U.S.C.A. § 300aa-10-§ 300aa-34 (West 1991 & Supp. 2002). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by jointly (or separately) filing a notice renouncing their right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

TERRI LASTER, on behalf of MARC LASTER, her deceased husband,

Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent.

No. 12-571V
Special Master Brian H. Corcoran
ECF

## STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of the Estate of Marc Laster (Mr. Laster), petitioner filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries, resulting in death, allegedly related to Mr. Laster's receipt of an influenza (flu) vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Mr. Laster received his flu immunization on or about October 20, 2010.[1]

3. The vaccine was administered within the United States.

---

[1] Although the record reflects that Mr. Laster received a flu vaccine on or about October 20, 2010, petitioner alleges in her petition that Mr. Laster received a flu vaccine on November 7, 2010. In light of this allegation, this Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 below, for any and all claims that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, alleging that a vaccination of whatever nature administered to Mr. Laster in the year 2010 caused him injury and/or death.

1

4. Petitioner alleges that the flu vaccine caused Mr. Laster to suffer from an illness involving progressive respiratory distress, resulting in Mr. Laster's death.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of the Estate of Marc Laster as a result of Mr. Laster's alleged injury and/or death.

6. Respondent denies that the flu immunization caused Mr. Laster's alleged injury and/or any other injuries. Respondent further denies that the flu immunization contributed to, or resulted in, Mr. Laster's death.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of **$75,000.00** in the form of a check payable to petitioner as legal representative of the Estate of Marc Laster. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as legal representative of the Estate of Marc Laster under the laws of the State of Texas. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing her appointment as legal representative of the Estate of Marc Laster. If petitioner is not authorized by a court of competent jurisdiction to serve as legal representative of the Estate of Marc Laster at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as legal representative of the Estate of Marc Laster upon submission of written documentation of such appointment to the Secretary.

13. In return for the payment described in paragraph 8 and any amount awarded pursuant to paragraph 9, petitioner, in her individual capacity and as legal representative of the Estate of Marc Laster, on behalf of herself, the Estate, and Mr. Laster's heirs, executors, administrators, successors and/or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all

actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Mr. Laster resulting from, or alleged to have resulted from, the vaccination administered on or about October 20, 2010, and/or any and all other vaccinations that may have been administered to Mr. Laster in 2010, as alleged by petitioner in a petition for vaccine compensation filed on or about September 5, 2012, in the United States Court of Federal Claims as petition No. 12-571V.

14. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages.

16. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused Mr. Laster's alleged injury and/or any other injury; or that Mr. Laster's death occurred as a result of a vaccine-related injury.

17. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as legal representative(s) of the Estate of Marc Laster.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/

Respectfully submitted,

**PETITIONER:**

*[signature]*

TERRI LASTER, as representative
of the Estate of MARC LASTER

**ATTORNEY OF RECORD FOR PETITIONER:**

*[signature]*

ISAIAH R. KALINOWSKI
MAGLIO CHRISTOPHER & TOALE, PA
The Willard Building
1455 Pennsylvania Ave. NW, Ste. 400
Washington, DC 20004
(888) 952-5242

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

*[signature]*

VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

*[signature]*

A. MELISSA HOUSTON, M.D., M.P.H., FAAP
Acting Director, Division of
Vaccine Injury Compensation (DVIC);
Acting Director, Countermeasures Injury
Compensation Program (CICP)
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

*[signature]*

RYAN D. PYLES
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-9847

Dated: September 2, 2014