# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 12-571V
(Not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

TERRI LASTER, *on behalf of* MARC LASTER, *her deceased husband*,

        Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

        Respondent.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Filed: February 20, 2015

Decision by Stipulation; Attorney's Fees & Costs

<u>Isaiah Richard Kalinowski</u>, Washington, DC, for Petitioner

<u>Ryan Daniel Pyles</u>, Washington, DC, for Respondent

## ATTORNEY'S FEES AND COSTS DECISION[1]

On September 5, 2012, Terri Laster filed a petition on behalf of Marc Laster, her deceased husband, seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program"). On September 2, 2014, the parties filed a stipulation detailing an amount to be awarded to Petitioner. I subsequently issued a decision finding the parties' stipulation to be reasonable and granting Petitioner the award outlined by the stipulation.

On February 11, 2015, counsel for both parties filed another joint stipulation, this time in regards to attorney's fees and costs. The parties have stipulated that Petitioner's counsel should

---

[1] Because this decision contains a reasoned explanation for my action in this case, I will post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the posted decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. (*Id.*)

receive a lump sum of $36,985.00, in the form of a check payable to Petitioner and Petitioner's counsel. This amount represents a sum to which respondent does not object. In addition, and in compliance with General Order #9, Petitioners have represented that they did incur any reimbursable costs in proceeding on this petition.

I approve the requested amount for attorney's fees and costs as reasonable. Accordingly, an award should be made in the form of a check payable jointly to Petitioner and Petitioner's counsel, Isaiah Richard Kalinowski, Esq. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[2]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.